UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 24  A 9: 11

U.S. DISTRICT COURT
HARTFORD, CT.

THE CARRIERS, LLC,
YVON CARRIER,
and CHRISTINE CARRIER,

    Plaintiffs,

v.

TOWN OF FARMINGTON, et al.,

    Defendants.

CASE NO. 3:03CV454 (RNC)

RULING AND ORDER

Plaintiffs bring this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., 42 U.S.C. § 1983, and the Connecticut Constitution against the town of Farmington and officials and residents of the town. In essence, the complaint asserts that the defendants conspired to prevent the plaintiffs from using and developing real property in the town. Defendants William Colton and Betty DaCruz, both town residents, have moved to dismiss the claims against them. [Doc. # 25] For the reasons outlined below, the motion is granted.

Background

Plaintiffs entered into a contract to buy property in Farmington ("the property"). An abutting parcel of land owned by the town ("parcel 3") separated the property from a public road. Before buying the property, plaintiffs inquired whether they would need an easement from the town in order to have access to the road. Based on representations by town officials that no easement would be needed because parcel 3 had been deeded to the

town as a road right-of-way, plaintiffs bought the property. A town building official subsequently issued a building permit certifying that the property had street frontage and plaintiffs proceeded to build a large single family residence on the property.

Plaintiffs went on to buy more land abutting parcel 3. After making this purchase, they applied to the town planning and zoning commission for subdivision approval. At a public hearing on the application, defendant Evelyn Daly, a town resident, threatened to inform the town council that she and others were opposed to the subdivision. While the commission's decision was pending, defendant Colton, another town resident, sent a letter to the town manager stating that parcel 3 is not a road right-of-way. The town council solicited a legal opinion that confirmed the town's earlier determination that the parcel is a road right-of-way. The council then solicited and obtained another legal opinion to the contrary. Armed with that opinion, the council informed the zoning commission that plaintiffs could not gain access to the road without an easement.

As a result of the council's action, the commission ultimately denied plaintiff's subdivision application and the town's building official refused to issue a certificate of occupancy for plaintiffs' single family house.

Discussion

RICO

RICO imposes liability on a person who causes harm to

another by engaging in a "pattern of racketeering activity" consisting of at least two "predicate acts." <u>Salinas v. United States</u>, 522 U.S. 52, 62 (1997). Plaintiffs' RICO claim attempts to allege predicate acts of mail fraud. <u>See</u> 18 U.S.C. § 1341. The elements of mail fraud are a fraudulent scheme, furthered by use of the mail, to deprive another of money, property, or the intangible right to honest services. <u>United States v. Handakas</u>, 286 F.3d 92, 100 (2d Cir. 2002). To be fraudulent, a scheme must involve material misrepresentations. <u>Id.</u>

Plaintiffs' RICO claim against Colton and DaCruz fails to allege predicate acts of mail fraud. Crediting plaintiffs' allegations as true, these defendants merely sent letters to town officials stating that parcel 3 is not a road right-of-way.[1] Even assuming the statements were false in the sense that they were not honestly made, they do not constitute material misrepresentations of fact capable of deceiving the officials and thereby causing harm to the plaintiffs. Accordingly, the RICO claim against these defendants must be dismissed for failure to state a claim on which relief can be granted.

<u>Conspiracy</u>

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state

---

[1] Plaintiffs' theory of liability with respect to DaCruz is that a letter Daly sent to a town official can be imputed to Dacruz, because the letter stated that DaCruz was available to answer questions concerning the matter. (RICO statement ¶ 5(c), p.7).

3

actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).

Plaintiffs allege that the town council reversed its position concerning the legal status of parcel 3 because of political influence and favoritism.[2] This is insufficient to support a conspiracy claim under § 1983. See Scott v. Greenville County, 716 F.2d 1409, 1424 (4th Cir. 1983) (recognizing that "even overtly biased citizens who write letters, speak up at public meetings, or even express their prejudices in private meetings with public officials without formulating a joint plan of action are not 'conspiring' with those officials in a way that subjects them to § 1983 liability"); Dutton v. Buckingham Township, No. 97-3354, 1997 WL 732856 (E.D. Pa. Nov. 13, 1997) (finding allegation insufficient to establish a conspiracy where zoning ordinance was enacted in response to letters from plaintiffs' neighbors; facts merely demonstrated that "influential neighbors were able to persuade the Township zoning officers to respond to their concerns").

---

[2] Plaintiffs allege: (1) "The opposition [presumably Daly, Colton and DaCruz] did, in fact, contact the town council, and the issue became one of political influence and favoritism"; (2) "Because the town council was subject to influence and favoritism, it instructed the town manager to immediately obtain a third [legal] opinion"; and (3) "As a result of the favoritism and political influence that the opposition exerted upon the town council . . . the town council . . . voted to require any person accessing Parcel No. 3 . . . to obtain an easement from the town." (Compl. ¶¶ 36, 38, 40).

4

Plaintiffs contend that they are not obliged to plead specific facts in support of their conspiracy claim. Since they claim a conspiracy to defraud, the claim may be governed by Rule 9(b), which requires that fraud claims be pleaded with particularity. See Toner v. Allstate Ins. Co., 821 F. Supp. 276, 283 (D. Del. 1993) (recognizing that Rule 9(b) has been found to apply to claims for conspiracy to commit fraud). Whether Rule 9(b) applies need not be decided, however, because plaintiffs' conclusory allegations fail to satisfy even the liberal pleading standard of Rule 8. See Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 35 (1st Cir. 1996) ("[W]e do not view the failure to allege essential elements of a [conspiracy] claim as any mere failure to comply with a 'heightened pleading' requirement."). The conspiracy claim against these defendants is therefore dismissed as well. See Mahaney v. Warren County, 206 F.3d 770, 772 (8th Cir. 2000); Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997).

Connecticut Constitution

Plaintiff's allege that their right to equal protection under the Connecticut Constitution has been violated. See Binette v. Sabo, 710 A.2d 688 (Conn. 1998). The equal protection guarantee provided by state law applies only to state action. Thibodeau v. Design Group One Architects, LLC, 260 Conn. 691, 714 (2002). Accordingly, Colton and DaCruz, both private citizens, are not subject to liability for the alleged violation unless

they conspired with town officials to bring it about. See Dahlberg v. Becker, 748 F.2d 85, 92 (2d Cir. 1984) (recognizing that a "private party may be held a state actor when . . . the state and private actor jointly participate in depriving plaintiff of his rights"). As explained above, plaintiff has failed to adequately allege such a conspiracy. Thus, this claim also fails as a matter of law.

Conclusion

Accordingly, the motion to dismiss is hereby granted.

So ordered.

Dated at Hartford, Connecticut, this 23rd day of December 2003.

/s/ Robert N. Chatigny
Robert N. Chatigny
United States District Judge

FILED 2003 DEC 24 A 9:1
U.S. DISTRICT COURT
HARTFORD, CT.